IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRANCE TURNER,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>NEBRASKA SMALL CLAIMS COURT, OFFICE OF INSPECTOR GENERAL, OFFICE OF THE SOLICITOR, U.S. DEPARTMENT OF JUSTICE, INTERNAL REVENUE SERVICE WHISTLEBLOWER OFFICE - ICE, and USSOCOM,<br><br>　　　　　　Defendants. | 8:24CV190<br><br>**MEMORANDUM AND ORDER** |

　　Plaintiff Terrance Turner ("Turner") filed a Complaint, Filing No. 1, on May 28, 2024, and was given leave to proceed in forma pauperis, Filing No. 6. The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

　　Turner's Complaint consists of the Form Pro Se 1 Complaint for a Civil Case with an additional attached typed "Civil Complaint" prepared by Turner. Filing No. 1. Turner, a citizen of Virginia, names "Nebraska Small Claims Court" as the only defendant in the caption of his Complaint but appears to also name the Office of Inspector General, Office of the Solicitor, United States Department of Justice, and "Internal Revenue Service Whistleblower Office—ICE" as defendants in the body of his Complaint. *Id*. at 1–2. Within the body of the form Complaint in the space designated for "Defendant No. 4," Plaintiff also lists what the Court assumes are the following federal agencies: the United States Special Operations Command ("USSOCOM"), the Federal Bureau of Investigation

("FBI"), the Central Intelligence Agency ("CIA"), the Secret Service, the Internal Revenue Service ("IRS"), the United States Securities and Exchange Commission ("SEC"), the United States Department of Homeland Security ("DHS"), the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATF"), and the National Security Agency ("NSA"). *Id*. at 2.

Turner's Complaint is difficult to decipher. Turner describes himself as "an affiliate of USSOCOM and The Federal Bureau of Investigations[,] Federal Bar Appointee, INTERPOL SEC 431170989[,]" and states he "is charged with filing lawsuits during the natural course of business and life restitution activities beyond personal whim, beyond personal will, is the subject of monitoring per CIA AND USSOCOM directive and military intelligence clearance clandestine programs." *Id*. at 19. Turner alleges both federal question and diversity of citizenship jurisdiction under 28 U.S.C. §§ 1331 and 1332, and lists a litany of different areas of law, codes, statutes, House of Representative Bills, and federal statutory sections as the basis for federal question jurisdiction, including:

> U.S. Jurisdiction Common Law, Breach of Contract, U.S. Business Law, U.S. Contract Law, The Uniform Commercial Code, Fraud Statutes, Criminal Code, UCMJ, Conspiracy Statutes, Negligence ~ Sec. 802 & Sec 808 H.R. 3162, H.R. 6166, 18 U.S .C. § 241, 18 U.S. Code § 245, 18 U.S. Code § 1365, 18 U.S. Code § 1951, 18 U.S. Code § 1030, 18 U.S. Code § 1032, 18 U.S. Code § 1037, 18 U.S. Code § 1038, 18 U.S. Code § 1349 Title 18 U.S.C., Section 242, Title 18, U.S.C., Section 245.

Filing No. 1 at 3. In addition, Turner lists 15 U.S.C. §§ 4, 5, 15, 15D, 22, 24, 25, 26, 27, 45, 45B, 50, 2061, 2064, 2071, 2072, 2073, 3614, and 16931; 29 U.S.C. §§ 654–655 and 1856; and 42 U.S.C. §§ 1981–1995 as legal bases for this Court's jurisdiction and his claims. Filing No. 1 at 7–11, 16–18.

Turner's statement of his claim in the form portion of his Complaint consists of a written narrative that begins in the space provided for identifying "[t]he Amount in

2

Controversy" for diversity of citizenship jurisdiction and extends through both the "Statement of Claim" and "Relief" sections. *Id*. at 4–5. Turner includes additional "Facts & Allegations" in his attached "Civil Complaint." *Id*. at 12–14. Turner's allegations are rambling and incoherent. As the Court understands it, Turner seeks this Court's intervention in an allegedly "fake case" filed in Nebraska small claims court by the "filer" who "is the same individual that lied to this court and the northern district of california, alleging that [Turner] gave it fake complaint documents, that the court case was never filed, and it was a fake lawsuit, while it was filing in the cases itself." *Id*. at 4, 14. The "filer" of the small claims court case, to whom Turner refers, is Latoshann Thompson ("Thompson"), *see Id*. at 21, who was a named co-plaintiff in a separate suit filed by Turner in this Court in Case No. 8:23CV353 (hereinafter the "Prior Case").

In the Prior Case, Turner filed a complaint seeking Thompson's forced hospitalization or detention by the government due to Thompson's alleged health condition even though, as Thompson later informed the Court, Thompson had retained Turner to assist her in filing a medical malpractice complaint against certain medical providers for injuries she had sustained. Filing No. 14 at 2, Case No. 8:23CV353. The Court dismissed Turner from the Prior Case because his claims regarding Thompson were malicious and also referred Turner to the Nebraska Commission on Unauthorized Practice of Law as he was not a licensed attorney authorized to represent Thompson or anyone else in court. *Id*. at 6–7, Case No. 8:23CV353. It now appears Thompson has sought relief against Turner in Nebraska small claims court, and Turner asks this Court "to destroy, terminate the case in small claims court, especially the criminal filing due to

3

false filing, malicious prosecution, witness tampering, obstruction of justice, false charges, manipulation of the court system to harm an individual." Filing No. 1 at 14.

In addition to his allegations regarding Thompson's small claims court case against him, Turner's Complaint consists mainly of personal ruminations and commentary about his employment struggles and expounds on his belief that he faces death threats and is subject to "HAARP GCHQ UK GOVERNMENT NSA USSOCOM FBI BATF CONTROL, LIFE CONTROL, SPACE TECHNOLOGY ALIEN TECHNOLOGY CONTROL." Id. at 12–13, 16.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the

4

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III.  DISCUSSION

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). While complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must comply with the Federal Rules of Civil Procedure. Here, Turner's Complaint fails to meet this minimal pleading standard.

Even when liberally construed, Turner's Complaint offers nothing more than a recitation of a litany of various federal statutory and legal provisions with no discernible

relevance to the parties involved or any factual allegations indicating how such provisions may have been violated or why Turner may be entitled to relief under such provisions. As Turner has been informed by another court, "[m]erely citing statutory sections without demonstrating their violation based on factual allegations falls short of the standard required to survive a motion to dismiss under Federal Rule of Civil Procedure 8." *Turner v. Rimon L.*, No. 23-CV-04062-PHK, 2024 WL 4184074, at *5 (N.D. Cal. Mar. 14, 2024), *report and recommendation adopted*, No. 23-CV-04062-CRB, 2024 WL 4184082 (N.D. Cal. Aug. 16, 2024) (citing *Iqbal*, 556 U.S. at 678). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone*, 364 F.3d at 914 (internal citations omitted); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). Turner's Complaint falls far short of these pleading standards.

On the whole, Turner's allegations are largely unintelligible and lack a reasonable basis in law or fact. Accordingly, the Court concludes that Turner's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2) as it is frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32–34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous and may disregard clearly baseless, fanciful, fantastic, or delusional

factual allegations); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact" (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))). Turner will not be granted leave to amend his Complaint because the Court finds such amendment would be futile.[1] *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719–20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile").

The Court takes judicial notice that Turner has a significant history of filing pro se frivolous litigation in other districts and has been barred from filing in at least two districts. *See In re Turner*, No. 1:23-CV-4996-MLB, 2024 WL 4005227, at *1 (N.D. Ga. July 11, 2024) (discussing how the United States District Court for the Northern District of Texas barred Plaintiff "from filing future actions in forma pauperis in [any] federal court without first obtaining leave of court," *Turner v. Trugreen Ltd. P'ship*, No. 3:23-cv-00989, Filing No. 9 at 10 (N.D. Tex. May 11, 2023), and imposing same restriction in the Northern District of Georgia). Indeed, a search of the federal judiciary's Public Access to Court

---

[1] The Court is aware of several other courts nationwide which have dismissed with prejudice Turner's complaints filed in those courts, where such other complaints exhibit similar incoherent and unintelligible allegations that do not amount to cognizable causes of action. *See, e.g.*, *Turner v. Hamilton*, No. 23-CV-03386-SK, 2023 WL 9551016 (N.D. Cal. Nov. 30, 2023), *report and recommendation adopted*, No. 23-CV-03386-CRB, 2024 WL 493460 (N.D. Cal. Jan. 3, 2024); *Turner v. Stripe Payments Co.*, No. 23-cv-03385-AGT, 2023 WL 6933629 (N.D. Cal. Sept. 27, 2023), *report and recommendation adopted*, No. 23-cv-03385-JST, 2023 WL 7501387 (N.D. Cal. Nov. 13, 2023); *Turner v. Lumio Home Servs., LLC*, No. 23-CV-03701-TSH, 2023 WL 6014381 (N.D. Cal. Aug. 25, 2023), *report and recommendation adopted sub nom. Turner v. Lumio Home Servs., LLC Lumio HX*, No. 23-CV-03701-HSG, 2023 WL 7389850 (N.D. Cal. Oct. 5, 2023); *Turner v. Patrice & Assocs.*, No. 22-CV-07490-EMC, 2023 WL 5993046 (N.D. Cal. Aug. 8, 2023) (dismissing case with prejudice, finding the complaint is "a generalized rant, has many fanciful allegations, and does not provide 'a short and plain statement of the claim showing that the pleader is entitled to relief'" (quoting Fed. R. Civ. P. 8(a)(2))); *Turner v. Empire-Today, Today's Sales LLC*, No. 22-CV-06994-JSC, 2023 WL 3322574 (N.D. Cal. May 9, 2023).

Electronic Records (PACER) service indicates Turner has filed 160 civil actions in the last five years. See PACER Case Locator, https://pcl.uscourts.gov/pcl/index.jsf (last accessed May 22, 2025). While this is only the second action filed by Turner in this district, Turner is advised that the Court will not hesitate to take appropriate steps should it appear that he is abusing the privilege of proceeding in forma pauperis. See *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) ("An in forma pauperis litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts.").

    IT IS THEREFORE ORDERED that:

    1.    This matter is dismissed with prejudice for failure to state a claim for relief and because it is frivolous.

    2.    The Court will enter a separate judgment.

Dated this 23rd day of May, 2025.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge